**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PETER P. MOE, | * | CIVIL NO. 4:20-cv-00058-RGE-SBJ |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | **ORDER** |
| GRINNELL COLLEGE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

Plaintiff initiated this action by filing a Complaint (Dkt. 1) against defendant Grinnell College on February 19, 2020, utilizing the pseudonym Peter P. Moe.   Plaintiff claims he was erroneously expelled as a student from Grinnell College for violating a sexual misconduct policy based on alleged false reports by three other students referred to as Complainant 1,  Complainant 2 and Complainant 3.   Plaintiff asserts four counts against Grinnell College for alleged violation of Title IX of the Education Amendments of 1972, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful discipline/lack of fundamental fairness in disciplinary proceedings.

Now before the Court is Plaintiff's Motion to Proceed Under Pseudonym (Dkt. 2) and supporting Brief (Dkt. 2-1) also filed on February 19, 2020.   Plaintiff contends that, "[i]n light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned about the possibility of acts of reprisal that could further prevent him from proceeding with his future endeavors, and inflict further harm to Plaintiff, including the exact type of harm that he seeks to remedy with this action." Dkt. 2-1 p. 1.   Thus, plaintiff seeks leave to proceed in this case under the pseudonym Peter P. Moe. *Id.*   Plaintiff also seeks leave to file, after conferring with defendant, a proposed protective order to "govern public filings, discovery, and pre-trial matters." *Id.*

Grinnell College filed a Partial Resistance (Dkt. 12) to the motion on April 20, 2020.   The College does not resist the motion to the extent plaintiff requests permission to use a pseudonym in public filings, discovery and pre-trial matters, if plaintiff's proposed protective order requires the parties to also utilize pseudonyms for the other involved students. *Id.* ¶ 1.   The College resists the motion, however, to the extent plaintiff seeks to use a pseudonym during the jury trial for the case. *Id.* ¶ 4.   The College suggests that issue should be addressed at a date closer to trial and after an opportunity to further brief and be heard on the matter. *Id.*

In Reply (Dkt. 13), plaintiff agrees that the identities of the three students referred to as Complainant 1, Complainant 2 and Complainant 3 should continue to be protected by pseudonyms in all pre-trial matters. *Id.* ¶ 2.   Plaintiff contends pseudonym protection is warranted at trial but again agrees the issue can be decided closer to trial via motion to the Court. *Id.* ¶ 3.

After considering the parties' submissions, this Magistrate Judge finds plaintiff should be permitted to proceed anonymously in this case for pretrial matters.   Factors which courts consider to balance a plaintiff's privacy interests, prejudice to the defendant, and the public interest in judicial proceedings weigh in favor of plaintiff utilizing a pseudonym during the pretrial stage of this particular case. *See John Doe v. Grinnell College*, Civil No. 4:17-cv-00079-RGE-SBJ (S.D. Iowa) Order Re: Plaintiff's Motion to Proceed Under Pseudonym (Dkt. 39) (applying factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008)).   This Magistrate Judge also finds, as agreed to by the parties, that pseudonyms should continue to be utilized for the three individuals referred to as Complainant 1, Complainant 2 and Complainant 3 in the Complaint.

Plaintiff's Motion to Proceed Under Pseudonym (Dkt. 2) is therefore granted to this extent. Plaintiff is directed to first confer in good faith with Grinnell College then file a separate motion with a proposed protective order to govern pretrial proceedings for the Court's consideration by

May 22, 2020.   Whether plaintiff may be permitted to utilize a pseudonym during trial is not being considered or determined by this Magistrate Judge.   The parties may present the issue for consideration by the trial judge at a later date.

**IT IS SO ORDERED.**

Dated April 24, 2020.

STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE