IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF IOWA CENTRAL DIVISION

| | |
|---|---|
| PETER P. MOE,<br><br>    Plaintiff,<br><br>v.<br><br>GRINNELL COLLEGE,<br><br>    Defendant. | Civil No.  4:20-cv-00058<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S RESISTANCE TO DEFENDANT'S MOTION TO CERTIFY QUESTION** |

## INTRODUCTION

Plaintiff Peter P. Moe ("Plaintiff") respectfully submits this brief in support of his resistance to Defendant Grinnell College's ("Defendant") motion to certify a question of law to the Iowa Supreme Court. As fully set forth below, certification is unwarranted because there is controlling precedent that permits private university students who have been expelled to allege claims against their universities for arbitrary, unreasonable and bad faith conduct. These are precisely the grounds upon which Plaintiff asserts his Wrongful Discipline claim. Certification is also unnecessary because Plaintiff's Wrongful Discipline claim is not case determinative and the attendant delay and costs would prejudice Plaintiff. For these reasons, the Court should deny Defendant's motion.

## RESPONSE TO "UNDISPUTED FACTS"

Plaintiff disagrees with the following "undisputed facts" set forth in Defendant's motion (Moving Br. at 2-3):

- Plaintiff does not agree that Grinnell held a "disciplinary hearing." Moving Br. at 3. As stated in the Complaint, "because there was no hearing, Plaintiff was denied the right of cross-examination during the adjudication process." ECF No. 1, Compl. ¶ 121. Rather, Justice Ternus had a video meeting with Plaintiff. *Id.* ¶ 119. Plaintiff was not permitted to

1

- participate in the adjudication meetings with any of the complainants. Nor was he permitted to provide questions to be asked of the complainants as part of the adjudication process. *Id.* ¶ 121.

- Plaintiff not only appealed the outcome of Complainant 2's and Complainant 3's complaints but also Justice Ternus's inclusion of Complainant 1 in consideration of whether Plaintiff engaged in a "pattern of predatory behavior." Compl. ¶¶ 186-190.

Should the Court find that certification is warranted, Plaintiff proposes the following Statement of Undisputed Facts:

Plaintiff was a student at Grinnell College at all times relevant to this case. Between February 2018 and June 2018, Plaintiff was the subject of Title IX disciplinary proceedings that resulted in his dismissal from the College on June 12, 2018. Plaintiff appealed the College's decision, which was denied. In the present action, Plaintiff alleges a number of claims against Grinnell College: i) violations of Title IX of the Education Amendments of 1972; ii) Breach of Contract; iii) Breach of the Implied Covenant of Good Faith and Fair Dealing; and iv) Wrongful Discipline: Lack of Fundamental Fairness in Disciplinary Proceedings. At issue is Plaintiff's Wrongful Discipline claim, in support of which Plaintiff alleges that *inter alia*:

> Grinnell's overwhelming failure to conduct a thorough, fair, and impartial investigation and adjudication of the claims against Plaintiff resulted in findings and sanctions that were arbitrary, unreasonable, imposed in bad faith, not in compliance with Grinnell's published policies, and ultimately deprived Plaintiff of due process to which he was entitled both by common law and Grinnell's own express promises.

Defendant has contested Plaintiff's assertion of an independent claim for Wrongful Discipline, grounded in arbitrary, unreasonable and bad faith conduct, on the ground that there is no controlling precedent that recognizes a cause of action under Iowa law for Wrongful Discipline. It is Plaintiff's position that *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443 (Iowa Ct. App. 1984), and *Pflepsen v. Univ. of Osteopathic Medicine*, 519 N.W.2d 390 (Iowa 1994), are controlling precedent that support this claim.

**ARGUMENT**

**I.     There is Controlling Precedent that Supports Plaintiff's Wrongful Discipline Claim**

When determining whether to certify a question to the Iowa Supreme Court, it must appear "to the certifying court that there is **no** controlling precedent in the decisions of the appellate courts" of Iowa. Iowa Code § 684A.1 (emphasis added). That a question of law has not yet been specifically resolved by the Iowa Supreme Court does not, by itself, justify certification of the question. *Pella Corp. v. Liberty Mutual Ins. Co.*, 2016 WL 7437153, at *2 (S.D. Iowa Sept. 2, 2016). Moreover, "[m]ere doubt or uncertainty as to the proper construction of state law does not alone compel resort to certification" and "where a de novo interpretation of state judicial rather than statutory law must be undertaken, the rationale for deferral to the state supreme court is considerably diminished." *Watts v. Des Moines Register & Tribune*, 525 F. Supp. 1311, 1324 (S.D. Iowa 1981). ("[T]he issue plaintiffs seek to certify is one of common law rather than one of statutory construction, and there is thus less reason for certification.").

*Harvey*, is controlling precedent. In the decades since it has been decided it has not been overturned. In addition, Defendant points to no split in relevant authority which would warrant certification. *See Pella Corp.*, 2016 WL 7437153, at *2. In *Harvey*, the Iowa Court of Appeals held that "[i]t is clear…that a private university may not expel a student arbitrarily, unreasonably, or in bad faith." *Id.* at 444. While the plaintiff had alleged a breach of contract claim against the defendant, the *Harvey* Court held that a breach of contract theory "should not be rigidly applied" because the "requirements imposed by the common law on private universities parallel those imposed by the due process clause on private universities." *Id.*

Defendant does not dispute these principles, but rather challenges Plaintiff's assertion of a claim for Wrongful Discipline, separate and apart from his breach of contract claim, because "there

is no support for the existence of an Iowa Wrongful Discipline cause of action ***prior to*** *Harvey*." Moving Br. at 5 (emphasis added). Defendant therefore admits that *Harvey* supports Plaintiff's assertion of a Wrongful Discipline claim, but attempts to invalidate the opinion by looking for earlier, supporting Iowa case law. There is no reason to examine whether any case decided before *Harvey* addressed the concept of Wrongful Discipline. Section 684A.1 of the Iowa Code requires that there be no controlling precedent in the decisions of the Iowa appellate courts, not that existing appellate decisions be supported by earlier precedent.

Defendant also takes issue with the *Harvey* Court's reliance on "analogous cases from other jurisdictions" as opposed to relying on Iowa precedent. Moving Br. at 5. Defendant points to no case in which a certifying court, or the Iowa Supreme Court, held that in order to be controlling precedent an Iowa appellate decision must rely exclusively on Iowa law. Section 684A.1 contains no such requirement. On appeal, the *Harvey* Court was tasked with addressing a matter of first impression—what legal principles apply in cases where private university students are expelled for disciplinary reasons—because the trial court found that "strict contract principles were inapplicable" to the plaintiff's allegations. 363 N.W.2d at 444. It is quite common for courts to look to the law of other jurisdictions in deciding matters of first impression and doing so does not make their opinions any less controlling.

Defendant is incorrect in asserting that the *Harvey* Court did not expressly recognize a claim for Wrongful Discipline. Plaintiff's claim is specifically labeled "Wrongful Discipline: Lack of Fundamental Fairness in Disciplinary Proceedings." In support of this claim, Plaintiff has alleged *inter alia* that Defendant's:

> overwhelming failure to conduct a thorough, fair, and impartial investigation and adjudication of the claims against Plaintiff resulted in findings and sanctions that were arbitrary, unreasonable, imposed in bad faith, not in compliance with [Defendant's] published policies, and ultimately deprived Plaintiff of due process

> to which he was entitled both by common law and by [Defendant's] own express promises. ECF No. 1, Compl. ¶ 254.

*Harvey* makes clear that, in cases of expulsion, private university students have rights that are akin to due process under the Fourteenth Amendment, including the right to be free from arbitrary, unreasonable and bad faith actions on the part of the university, and that breach of contract claims do not adequately address claims for violations of these rights. 363 N.W.2d at 444. The *Harvey* Court was stuck with the breach of contract framework when deciding the case before it. However, the *Harvey* opinion opened the door for private university students to assert future claims, separate from breach of contract, to address violations of their right to be free from arbitrary and unreasonable disciplinary decisions. *Id*.

*Pflepsen* also provides support for Plaintiff's Wrongful Discipline claim. In *Pflepsen*, 519 N.W.2d at 391, the plaintiff, a private university student, filed an action in equity alleging that he was discharged for nonacademic reasons and that his discharge was ***arbitrary and capricious***. The district court ruled in his favor, and awarded damages rather than reinstating him. On appeal, the Iowa Supreme Court addressed whether the district court was correct in its determination that the university defendant acted arbitrarily and capriciously in discharging the plaintiff. The court made no finding that the plaintiff's claim for arbitrary and capricious conduct was improper. Defendant ignored these facts when discussing *Pflepsen*. *See* Moving Br. at 6.

Defendant is incorrect in its assertion that the Iowa Supreme Court's decision in *Petro v. Palmer College of Chiropractic*, 945 N.W.2d 763, 780 (Iowa 2020), "seems to indicate that *Harvey* does <u>not</u> recognize an independent Wrongful Discharge cause of action." Moving Br. at 7 (emphasis in original). The Iowa Supreme Court made ***no such*** indication. In *Petro*, the plaintiff alleged that the defendant college breached a contract with him by discriminating against him on the basis of age and disability. 945 N.W.2d at 780. The plaintiff relied on general statements of

5

nondiscrimination in an online application and the defendant-college's equal opportunity policy in the student handbook. The Iowa Supreme Court held that such general statements did not give rise to contractual liability. *Id.*

With respect to *Harvey*, the Iowa Supreme Court focused on the Court of Appeals' finding that "an expelled student raised a potentially viable claim against Palmer for breach of contract…. The student presented evidence that Palmer had substantially failed to comply with procedures set forth in the student handbook and the student council constitution and by-laws." *Id.* The Iowa Supreme Court **did not** address the *Harvey* Court's holding that private university students have rights akin to due process under the Fourteenth Amendment. That this holding was not addressed does not mean, as Defendant erroneously contends, that *Harvey* has been interpreted by the Iowa Supreme Court as merely addressing a breach of contract claim. *See* Moving Br. at 8.

Despite Defendant's argument to the contrary, *Warren v. Drake University*, 886 F.2d 200, 201-202 (8th Cir. 1989), supports Plaintiff's assertion of a separate claim for Wrongful Discipline. In *Warren*, the plaintiff alleged "violations of his constitutional rights, breach of contract, **and** that the law school's actions were arbitrary, capricious and in bad faith." *Id.* (emphasis added). As noted in the opinion, the "district court dismissed plaintiff's constitutional claims…but denied summary judgment on plaintiff's contract **and** bad faith claims." *Id.* (emphasis added). The jury found against the plaintiff "on **both** claims." *Id.* (emphasis added). The plaintiff only appealed the ruling on the breach of contract claim. The only issue addressed by the Eighth Circuit vis-à-vis *Harvey* was whether the plaintiff could challenge the jury's determination that Drake followed its established procedures. *Id.* Like *Warren*, Plaintiff alleged not only that Defendant breached its contract with him but that Defendant acted arbitrarily, unreasonably and in bad faith when expelling him. ECF No. 1, Compl. ¶ 254.

6

*Harvey*, *Pflepsen* and *Warren* support Plaintiff's assertion of two separate and distinct claims: i) breach of contract; and ii) arbitrary, unreasonable and bad faith conduct depriving Plaintiff of his right to a fair process. Accordingly, certification to the Iowa Supreme Court is unwarranted.

**II.     Plaintiff's Wrongful Discipline Claim is Not Case Determinative**

Whether or not to certify a question of law to the Iowa Supreme Court is a matter that rests in the sound discretion of this Court. *Pella Corp.*, 2016 WL 7437153, at *2. A court may weigh a number of factors when deciding whether to certify a question including "whether federal questions predominate or the case is based on diversity." *Id.* An additional consideration is whether the question of law may be determinative of the cause then pending in the certifying court. Iowa Code § 684A.1. *See Lockhart v. Cedar Rapids Comm'y Sch. Dist.*, 963 F. Supp. 805, 827 (N.D. Iowa 1997) (interpreting whether question is case determinative as concerning all of the plaintiff's claims); *Watts v. Des Moines Register & Tribune*, 525 F. Supp. 1311,1324 (S.D. Iowa 1981) (denying certification motion where question of law would not be determinative of matters raised in four of the plaintiff's claims).

Here, certification is unwarranted because this is a case in which federal questions predominate—namely, Plaintiff's Title IX claims. In addition, Plaintiff's claim for Wrongful Discipline is not case determinative. If the claim is dismissed, Plaintiff still has claims for violations of Title IX, state law breach of contract and breach of the implied covenant of good faith and fair dealing. In addition, the Court may find that whether or not Defendant acted arbitrarily, unreasonably, or in bad faith should be considered as part of Plaintiff's breach of contract claim.

*Dindinger v. Allsteel, Inc.*, 2013 WL 12034436, at *3 (S.D. Iowa 2013), is inapposite as it concerned the retroactivity of a state statute, there was a split in relevant authorities and the manner

in which the statute was construed was determinative of whether the plaintiff could recover damages for a significant time period. *Id.* at *5.

*Iowa Right to Life Committee, Inc. v. Tooker*, 808 N.W.2d 417, 427 (Iowa 2011), likewise concerned the interpretation of a state statute. The Iowa Supreme Court found that answering the certified questions would allow the federal district court to decide all of the remaining issues in the case. *Id.* In contrast, the question proposed by Defendants has no bearing on the remaining issues in the case.

### III. <u>Certification to the Iowa Supreme Court Will Prejudice Plaintiff</u>

In determining whether to certify Defendant's question, the Court may consider "the possibility of delay and resulting prejudice." *Pella Corp.*, 2016 WL 7437153, at *2. *See Neppi v. Wells Fargo Bank, Nat'l Ass'n*, 2020 WL 3446174, at *2 (S.D. Iowa June 3, 2020). Defendant has been aware of Plaintiff's Wrongful Discipline claim since this action was filed nearly eight months ago, on February 19, 2020. The case is less than five months away from the summary judgment phase. Certifying a question to the Iowa Supreme Court will only serve to delay this Court's decision on any dispositive motions, and could even delay trial. In *Dindinger*, the district court granted the defendants' motion to certify questions to the Iowa Supreme Court by order dated July 26, 2013. 2013 WL 12034436, at *1. The Iowa Supreme Court answered the questions nearly **two years later** in an opinion dated March 6, 2015. *Didinger v. Allsteel, Inc.*, 860 N.W.2d 557 (Iowa 2015).

Apart from the significant delay that will result from certifying Defendant's question, Plaintiff will further be prejudiced by incurring unnecessary costs. Iowa Code 684A.5 "provides that the fees and costs associated with certification be equally divided between the parties unless otherwise ordered by the certifying court in its order of certification."

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to certify a question of law to the Iowa Supreme Court. Plaintiff also respectfully requests that, in the event the Court determines that certification is warranted, the Court order Defendant to pay all costs associated therewith.

Dated: October 2, 2020

                                            Respectfully Submitted,

                                            /s/ Kara L. Gorycki
                                                Kara L. Gorycki (admitted *pro hac vice*)
                                            Andrew T. Miltenberg (admitted *pro hac vice*)
                                            NESENOFF & MILTENBERG, LLP
                                            363 Seventh Avenue, Fifth Floor
                                            New York, New York 10001
                                            Telephone: (212) 736-4500
                                            Email: KGorycki@nmllplaw.com
                                            Email: AMiltenberg@nmllplaw.com

                                                         -and-

                                            /s / David H. Goldman
                                            David H. Goldman
                                            Amy K. Davis
                                            BABICH GOLDMAN, P.C.
                                            501 S.W. 7th Street, Suite J
                                            Des Moines, Iowa 50309
                                            Telephone: (515) 244-4300
                                            Email: dgoldman@babichgoldman.com
                                            Email: adavis@babichgoldman.com

                                            *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 2, 2020 I served the foregoing document on the following counsel of record for Defendant Grinnell College via the Court's ECF system:

Frank B. Harty, Esq.
Nyemaster Goode P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
(515)283-3100
fharty@nyemaster.com

Frances M. Haas, Esq.
Nyemaster Goode P.C.
625 First Street SE, Suite 400
Cedar Rapids, IA 52401-2030
(319)286-7000
fmhaas@nyemaster.com

                /s/ Kara L. Gorycki